JOSEPH A. SCANLAN, JR., ESQ., SBN 101928
MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, California 95110
Telephone: (408) 292-1765
Facsimile: (408) 436-8272

Attorneys for Plaintiff ROBERT CHRISTENSEN

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

C07 04789

| | |
|---|---|
| ROBERT CHRISTENSEN, | Case No.: |
| Plaintiff, | COMPLAINT FOR BREACH OF CONTRACT, TORTIOUS BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, AND UNFAIR TRADE PRACTICES |
| vs. | |
| PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY, a corporation, | |
| Defendants. | (Cal. Bus. & Prof. Code §§17200, et seq.) |
| | Jury Trial Demanded |

Plaintiff, ROBERT CHRISTENSEN, alleges as follows:

GENERAL ALLEGATIONS

1. Plaintiff ROBERT CHRISTENSEN ("CHRISTENSEN" or "Plaintiff") is an individual and resident of Santa Clara County, California.

2. Defendant PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY ("PROVIDENT") is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business in Chattanooga, Tennessee.

3. This Court has jurisdiction over this action in that Plaintiff is a citizen of the State of California and Defendant is a corporation organized and existing under the laws of the State of

///

Tennessee, with its principal place of business in Tennessee. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. section 1332.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

4.  On or about April 1, 1989, CHRISTENSEN purchased a written policy of insurance from PROVIDENT as Policy No. 335-0005003660 (the "Policy"), which provided for disability income benefits in the event CHRISTENSEN became partially or totally disabled from the performance of all of the material duties of his own occupation; attorney and own specialty; a litigator representing individuals in marital dissolutions and attendant legal issues. Said Policy is attached hereto as Exhibit 1.

5.  The Policy provided was drafted entirely by PROVIDENT, without input or change from CHRISTENSEN and was presented to CHRISTENSEN on a "take it or leave it" basis and constitutes a contract of adhesion.

## FIRST CAUSE OF ACTION

[Breach of Contract]

6.  Plaintiff hereby realleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 5, inclusive, of its Complaint, as though fully set forth herein.

7.  In or about August 2006, CHRISTENSEN notified PROVIDENT that he was under the care of a physician, that he was unable to perform all of the material duties of his occupation and specialty, that his doctor concurred that he was disabled, and that he was no longer able to work.

8.  CHRISTENSEN has done all things required of him under and pursuant to the Policy.

9.  PROVIDENT has breached said Policy by:

    a)  Failing and refusing to conduct a proper and thorough investigation of his claim;

    b)  Failing and refusing to regularly and honestly communicate with CHRISTENSEN concerning the status of the investigation of his claim; and

COMPLAINT FOR BREACH OF CONTRACT, TORTIOUS BREACH
OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, AND
UNFAIR TRADE PRACTICES   (Cal. Bus. & Prof. Code §§17200, *et seq.*)

Christensen v. Provident Life, et al.
Case No.

     c)     Failing and refusing to pay benefits due to him whatsoever, although all policy conditions for benefits have been satisfied.

10.     As a proximate result of the breach of contract herein alleged, CHRISTENSEN has been damaged in a sum according to proof, but in an amount greater than $75,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

[Insurance Bad Faith]

11.     Plaintiff hereby realleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 10, inclusive, of its Complaint, as though fully set forth herein.

12.     Under the law of the State of California, every insurance contract, including the Policy, contains an implied covenant of good faith and fair dealing. Said covenant creates, on the part of PROVIDENT, the obligation to act fairly and in good faith in discharging its contractual responsibilities.

13.     PROVIDENT tortiously, willfully and intentionally breached the covenant of good faith and fair dealing in the Policy by, *inter alia*:

     a)     Failing and refusing to timely institute, conduct and complete an investigation;

     b)     Purporting to gather information detrimental to or disqualifying of Plaintiff's claim, and failing and refusing to provide that information to Plaintiff;

     c)     Demanding documents and information from CHRISTENSEN which PROVIDENT knew to be confidential, privileged and protected from its inquiry or scrutiny;

     d)     Requiring Plaintiff to engage accountants and other professionals to array and align financial data in a form demanded by PROVIDENT as punishment for CHRISTENSEN'S refusal to provide privileged and confidential tax returns;

///

///

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

3

COMPLAINT FOR BREACH OF CONTRACT, TORTIOUS BREACH
OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, AND
UNFAIR TRADE PRACTICES (Cal. Bus. & Prof. Code §§17200, *et seq.*)

Christensen v. Provident Life, et al.
Case No.

e) Contending that funds received by CHRISTENSEN after his disability constituted earned income, despite the knowledge that the same were not income but were the receipt of accounts receivable generated in months and years previous to his disability;

f) Purporting to require Plaintiff to violate the attorney-client privilege in order to prove the nature of his regular duties;

g) Requiring Plaintiff to continue to pay periodic policy premiums to maintain the Policy in force, despite Plaintiff's total disability; and

h) Willfully misrepresenting policy terms and conditions to its insured.

14. Plaintiff is informed and believes, and thereon alleges, that the acts taken above were undertaken with oppression, fraud and malice and he is entitled, as a consequence, to exemplary or punitive damages in a sum sufficient to punish Defendant in light of its wealth and resources, and to make an example of it for other similarly situated Defendants so that they will not repeat its conduct.

15. Plaintiff has been compelled to engage an attorney in order to receive the benefits for which he contracted. As a result, Plaintiff is entitled to an award in an amount equal to the reasonable attorneys' fees which he has and will incur. Plaintiff prays herein to amend when this sum is known or ascertained.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION

[Unfair Business Practices]

16. Plaintiff hereby realleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 15, inclusive, of its Complaint, as though fully set forth herein.

17. California Business & Professions Code sections 17200, *et seq.*, requires all those conducting business in California to refrain from any unlawful, unfair or fraudulent business act or practice.

///

COMPLAINT FOR BREACH OF CONTRACT, TORTIOUS BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, AND UNFAIR TRADE PRACTICES (Cal. Bus. & Prof. Code §§17200, *et seq.*)  Christensen v. Provident Life, et al. Case No.

18. The acts hereinabove allege constitute unlawful, unfair or fraudulent business acts.

19. Plaintiff is informed and believes, and thereon alleges, that unless PROVIDENT is enjoined from the unlawful, unfair and fraudulent business practices hereinabove alleged that it will continue to commit them and that Plaintiff, and the public at large, will have no adequate or speedy legal remedy.

20. Plaintiff requests that these unlawful business practices be permanently enjoined.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows.

## PRAYER

ON THE FIRST CAUSE OF ACTION:

1. For compensatory damages in a sum according to proof;
2. For attorneys' fees in a sum according to proof;

ON THE SECOND CAUSE OF ACTION:

3. For compensatory damages in a sum according to proof;
4. For attorneys' fees in a sum according to proof;
5. For punitive damages as appropriate, based on Defendant's conduct and wealth;

ON THE THIRD CAUSE OF ACTION:

6. For compensatory damages in a sum according to proof;
7. For attorneys' fees in a sum according to proof;
8. For a permanent injunction barring and restraining Defendant from engaging in unlawful, unfair or fraudulent business acts;

///
///
///
///
///
///

COMPLAINT FOR BREACH OF CONTRACT, TORTIOUS BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, AND UNFAIR TRADE PRACTICES (Cal. Bus. & Prof. Code §§17200, et seq.)

Christensen v. Provident Life, et al.
Case No.

ON ALL CAUSES OF ACTION:

9.  For interest at the rate provided by law; and

10. For such other and further relief as the Court deems just and proper.

Dated: September 10, 2007          MILLER, MORTON, CAILLAT & NEVIS, LLP

By: _____
JOSEPH A. SCANLAN, JR.
Attorneys for Plaintiff ROBERT CHRISTENSEN

::ODMA\GRPWISE\MMCN_SJDOMAIN.MMCN_SJPO.NewLitigationLibrary:27688.1

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

6

COMPLAINT FOR BREACH OF CONTRACT, TORTIOUS BREACH
OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, AND
UNFAIR TRADE PRACTICES  (Cal. Bus. & Prof. Code §§17200, et seq.)

Christensen v. Provident Life, et al.
Case No.