1  THOMAS M. HERLIHY (SBN 83615)
   JOHN C. FERRY (SBN 104411)
2  KELLY, HERLIHY, & KLEIN LLP
   44 Montgomery Street, Suite 2500
3  San Francisco, CA 94104
   Telephone: (415) 951-0535
4  Facsimile: (415) 391-7808

5  Attorneys for Defendant
   PROVIDENT LIFE AND ACCIDENT
6  INSURANCE COMPANY

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

12  ROBERT H. CHRISTENSEN          )   Case No. C 07 04789
                                   )
13            Plaintiff,           )   **DEFENDANT'S MEMORANDUM
                                   )   OF POINTS AND AUTHORITIES IN
14      v.                         )   SUPPORT OF MOTION TO
                                   )   DISMISS FOR FAILURE TO STATE
15  PROVIDENT LIFE AND ACCIDENT    )   A CLAIM UPON WHICH RELIEF
    INSURANCE COMPANY,             )   CAN BE GRANTED** (FRCP 12(b)(6)
16                                 )
              Defendant.           )   Date:   November 20, 2007
17  _____  )   Time:   TBD
                                       Courtroom: TBD
18
                                       Supporting Papers:
19                                     1. Notice and Motion
                                       2. Ferry Declaration
20                                     3. [Proposed] Order

21

22

23

24

25

26

27

28

--------------------------------------------------------------------

1         Defendant Provident Life & Accident Insurance Company ("Defendant") respectfully

2   submits these points and authorities in support of its motion to dismiss the third cause of action of

3   Plaintiff's Complaint herein pursuant to FRCP 12(b)(6).

4

5                            **I. PLAINTIFF'S COMPLAINT**

6         Plaintiff has filed a three count complaint against Defendant for breach of insurance contract,

7   breach of the implied covenant of good faith and fair dealing and violation of Business &

8   Professions Code Sections 17200 *et seq.*

9         Plaintiff alleges that Defendant issued a disability income benefits policy to him (Complaint,

10  ¶ 4) that he became disabled and submitted a claim to Defendant (Complaint, ¶ 7) and that his claim

11  was denied. (Complaint, ¶ 9) Plaintiff's first cause of action alleges a breach of contract for failure to

12  pay benefits, conduct a thorough investigation and communicate with Plaintiff. (Complaint, ¶ 4)

13        Plaintiff's second cause of action, stylized "Insurance Bad Faith" is, in actuality, a a claim for

14  breach of the covenant of good faith and fair dealing.  Plaintiff claims that Defendant breached the

15  covenant by failing and refusing to conduct a complete investigation (Complaint, ¶ 13a), failing to

16  provide purportedly detrimental information to Plaintiff (Complaint, ¶ 13b), demanding confidential

17  and privileged documents from Plaintiff (Complaint, ¶ 13c), requiring Plaintiff to retain accountants

18  to present his financial information (Complaint, ¶ 13d), contending that Plaintiff has received earned

19  income (Complaint, ¶ 13e), purporting to require that Plaintiff violate the attorney client privilege to

20  prove his claims (Complaint, ¶ 13f), requiring Plaintiff to continue paying premiums to keep the

21  policy in force (Complaint, ¶ 13g) and misrepresenting policy terms (Complaint, ¶ 13h).

22        Plaintiff's third cause of action is encaptioned "Unfair Business Practices" and it is

23  predicated on an alleged violation of B&P Code §§ 17200, *et seq.*  Plaintiff alleges as follows:

24             "18.  The acts hereinabove allege [sic] constitute unlawful, unfair or
           fraudulent business acts.

25

26             19.  Plaintiff is informed and believes, and thereon alleges, that unless
           Provident is enjoined from the unlawful, unfair and fraudulent business
           practices hereinabove alleged that it will continue to commit them and that

27             Plaintiff, and the public at large, will have no adequate or speed legal

28                          -2-

1   remedy."

2                           **II. ISSUE PRESENTED**

3       Does a claim under B&P Code §§ 17200 *et seq.* in an insurance bad faith law suit constitute a

4   cognizable theory?

5

6                             **III. DISCUSSION**

7       A Rule 12(b)(6) motion tests the legal sufficiency of a claim or claims in the complaint. If,

8   as alleged, there is either a "lack of cognizable theory" or "the absence of sufficient facts alleged

9   under a cognizable legal theory" it should be granted. *Balistreri v. Pacifica Police Dept,* 901 F.2d

10  696, 699 (9th Cir. 1990).

11

12      **A.    The California Courts Have Consistently Held That a 17200 Claim**
13            **Does Not Lie in an Insurance Bad Faith Action**

14      The California courts have expressly found that a cause of action under B&P Code Sections

15  17200, *et seq.* cannot be pled in an insurance bad faith lawsuit. The analysis begins with the seminal

16  Supreme Court decision in *Moradi-Shalal v. Fireman's Fund Ins. Companies,* 46 Cal.3d 287 (1988).

17  In *Moradi-Shalal* the Supreme Court reversed its earlier decision in *Royal Globe Ins. Co. v. Superior*

18  *Court,* 23 Cal. 3d 880 (1979), holding that there was no private right of action under Insurance Code

19  section 790: "Neither section 790.03 nor section 790.09 was intended to create a private civil cause

20  of action against an insurer that commits one of the various acts listed in section 790.03(h)." *Id.* at

21  304.

22      Because *Moradi-Shalal* involved a third party claim, a subsequent appellate decision, *Zephyr*

23  *Park v. Superior Court,* 213 Cal.App.3d 833, 836-838 (1989), addressed whether *Moradi-Shalal's*

24  rationale also barred first party claims. *Zephyr Park* concluded *Moradi-Shalal* "mandates the

25  exclusion of all private causes of action [under section 790.03], whether first or third party. [Fn.

26  omitted.]" *Zephyr Park, supra,* at p. 837.

27

28                                    -3-

1    *Zephyr Park* observed that *Moradi-Shalal's* treatment of the issue by other jurisdictions is not

2    limited to the question of third party claims ( *Zephyr Park, supra,* 213 Cal.App.3d at p. 837; *Moradi-*

3
     *Shalal, supra,* 46 Cal.3d at pp. 297-298) and further noted that scholarly criticism and the legislative
4
5    history of *Moradi-Shalal* reveals that decision consistently refers to "'private rights of action'"

6    generally, rather than to third party rights. ( *Zephyr Park, supra,* at p. 837; *Moradi-Shalal, supra,* at

7    pp. 298-300.)

8        Two years after *Moradi-Shalal,* appellate courts continued to find that no cognizable claim
9
     could be presented under Section 17200.  First,  in *Safeco Ins. Co. v. Superior Court,* 216 Cal. App.
10
11   3d 1491, 1494 (1990), the court found that it had "no difficulty in [holding] the Business and

12   Professions Code provides no toehold for scaling the barriers of *Moradi-Shalal* … To permit

13   plaintiff to maintain this action would render *Moradi-Shalal* meaningless". *Id.*

14       Second, *Maler v. Superior Court,* 220 Cal. App. 3d 1592, 1598 (1990), found that plaintiffs
15
16   "cannot circumvent that ban [against private actions under Ins. Code, § 790.03] by bootstrapping an

17   alleged violation of section 790.03 onto Business and Professions Code section 17200".

18       *Moradi-Shalal, Zephyr Park, Safeco and Maler* were synthesized in *Textron Financial*

19   *Corporation v. National Union Fire Insurance Co.,* 118 Cal. App. 4th 1061 (2004). *Textron* noted

20   that *Moradi-Shalal* did not contemplate suits brought under California's unfair practices statutes
21
22   against insurance companies, rather it held that:

23       "the Unfair Insurance Practices Act (Ins. Code, § 790 et seq.) does not create a private cause
         of action against insurers who violate its provisions. (Citation omitted) This rule applies to
24       both first party and third party claims. (Citations omitted)  While insurance companies are
         subject to California laws generally applicable to other businesses, including laws governing
25       unfair business practices (Citation omitted) parties cannot plead around *Moradi-Shalal's*
         holding by merely relabeling their cause of action as one for unfair competition." (*Textron,*
26       118 Cal. App. 4th @ 1070-71; petition for review and depublication request denied, 2005 Cal.

27

28                                              -4-

LEXIS 8715.)

Numerous courts, in addition to *Textron*, have since held that unfair practices claims based on alleged violations of the unfair practices statutes are barred by *Moradi-Shalal*. See also, *Fairbanks v. Superior Court*, 154 Cal. App. 4th 435, 447, fn9 (August 22, 2007) ; *Permanent General Assurance Corp v. Superior Court*, 122 Cal. App. 4th 1493, 1498 (2004).

The Ninth Circuit also reached the same result in *Spirtos v. Allstate Ins. Co.*, 173 Fed. Appx. 538, 540, 2006 U.S. App. LEXIS 5259 (9th Cir. 2006).

**B.      Plaintiff's 17200 Cause of Action is Based on the Same Facts and Allegations Pled in Support of His Claim for Breach of the Implied Covenant**

That the third cause of action is merely a 're-labeling' is evidenced from the allegations pled, or rather, not pled.  No new or separate allegations are stated in the 17200 count; instead Plaintiff refers back to the allegations set forth in the cause of action for breach of the implied covenant: "The acts hereinabove allege [sic] constitute unlawful, unfair or fraudulent business acts." (Complaint, ¶ 18).

Consequently, the inclusion of this cause of action is nothing more than an attempt to bootstrap 'bad faith' allegations into a 17200 cause of action.  This is barred by *Moradi-Shalal*. *Maler*, 220 Cal. App. 3d at 1598.

**C.      Plaintiff Will Advance Authority that Does Not Support His Position**

During a meet and confer exchange between counsel (Ferry Declaration at ¶¶ 3-5) Plaintiff's counsel advanced several cases which he contended supports his view, one from a California court and three from federal courts.  A brief discussion of each follows.

In *Kapsimallis v. Allstate Ins. Co.* 104 Cal. App. 4th 667 (2002), a pre-*Textron* decision, the court addressed the proper date for the inception of the loss for damages arising out of the Northridge

-5-

earthquake.  The appellate court reversed the trial court's granting of Allstate's motion for judgment on the pleadings and the opinion focuses its lengthy analysis of the "delayed discovery rule".  The court reversed as to all the causes of action and remanded.  There is a brief comment regarding Section 17200 at the end of the opinion regarding whether permissible conduct can be unfair.  *Id.* at 676.  However, the court did not address the viability of a Section 17200 cause of action and thus does not serve to undermine the *Moradi-Shalal* line of cases.  Of course, as it preceded *Textron,* it provides no authority to contest that opinion either.

The gravamen of plaintiff's complaint in *Chabner v. United of Omaha Life Insurance Company* 225 F.3d 1042 (9th Cir. 2000) was for violation of the American with Disabilities Act. Plaintiff alleged that he was discriminated against because the policy offered to him had an overcharged mortality risk because of his disability. *Id.* at 1044.  The court noted that there "are limits on the causes of action that can be maintained under section 17200.  A court may not allow a plaintiff to 'plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition.'" *Id.* at 1048.  Nonetheless, the court allowed this claim, but only because "setting a premium for a life insurance policy can quite 'properly be called a business practice.'" *Id.* (Citations omitted) Thus, this pre- *Textron* case provides not authority for bootstrapping a 17200 claim on an insurance claims practices case.

Finally, plaintiff refers to the district court and ninth circuit opinions in *Hangarter v. Paul Revere Life Ins.* Co. 236 F. Supp. 2d 1069 (N.D. Cal. 2002) and *Hangarter v. Provident Life and Accident Ins. Co.* 373 F.3d 998 (9th Cir. 2004).   While the district court opinion presents language favorable to Plaintiff herein, that portion of the opinion which granted injunctive relief under Section 17200 was reversed by the Ninth Circuit.  In a footnote, the Ninth Circuit added: "We reach no

conclusion as to whether Hangarter's UCA claim is viable on the merits under California law." *Id.* at 1021-22.

### D.    All Allegations Supporting a 17200 Cause of Action Should be Stricken

For the reasons set forth above, all allegations in the Complaint that would support Plaintiff's Third Cause of Action should be stricken. This includes Paragraph 9 (a) and (b) of the First Cause of Action and Paragraph 13 c), (d), (e) and (f).

### IV.  CONCLUSION

For the reasons set forth herein, Defendant respectfully requests that the Court issue an order dismissing Plaintiff's Third Cause of Action and all allegations which support it.

KELLY, HERLIHY, & KLEIN LLP

Dated: October 10, 2007          By _____

John C.  Ferry
Attorneys for Plaintiff
PROVIDENT LIFE & ACCIDENT
INSURANCE COMPANY

E:\27212\P05.wpd

-7-