1  THOMAS M. HERLIHY (SBN 83615)
   JOHN C. FERRY (SBN 104411)
2  KELLY, HERLIHY, & KLEIN LLP
   44 Montgomery Street, Suite 2500
3  San Francisco, CA  94104
   Telephone:  (415) 951-0535
4  Facsimile:    (415) 391-7808

5  Attorneys for Defendant
   PROVIDENT LIFE AND ACCIDENT
6  INSURANCE COMPANY

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

12 ROBERT H. CHRISTENSEN          )   Case No. C 07 04789
                                  )
13              Plaintiff,        )   DECLARATION OF JOHN C.
                                  )   FERRY IN SUPPORT OF
14      v.                        )   DEFENDANT'S NOTICE OF
                                  )   MOTION AND MOTION TO
15 PROVIDENT LIFE AND ACCIDENT    )   DISMISS FOR FAILURE TO STATE
   INSURANCE COMPANY,             )   A CLAIM UPON WHICH RELIEF
16                                )   CAN BE GRANTED (FRCP 12(b)(6)
                Defendant.        )
17 _____)   Date:   November 20, 2007
                                      Time:   TBD
18                                    Courtroom: TBD

19                                    Supporting Papers:
                                      1. Points and Authorities
20                                    2. Notice and Motion
                                      3. [Proposed] Order
21

22

23

24

25

26

27

28

   FERRY DECLARATION RE MOTION TO DISMISS
                                                                Case No. C07-04789

I, JOHN C. FERRY, declare as follows:

1. I am an attorney at law, over the age of 21 years, and am Of Counsel to Kelly, Herlihy & Klein, counsel for Defendant Provident Life and Accident Insurance Company ("Defendant"). I am licensed to practice in all courts in the State of California and have personal knowledge of the facts stated herein, and am competent to testify to the same. The matters set forth herein are true and correct to the best of my knowledge and belief.

2. I submit this declaration in support of Defendant's motion to dismiss.

3. Prior to the preparation of these papers I wrote counsel for plaintiff, Mr. Scanlan, to set forth my arguments why he should dismiss the third cause of action of his complaint. A true and correct copy of my letter to Mr. Scanlan, dated September 21, 2007, is attached hereto as Exhibit A.

4. Attached hereto as Exhibit B is a true and correct copy of Mr. Scanlan's response, dated September 27, 2007.

5. Thereafter Mr. Scanlan and I exchanged email correspondence and had at least one telephone conversation, however we were unable to resolve this dispute. Accordingly, I informed Mr. Scanlan that Defendant would be proceeding with this motion.

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct. Executed this 10th day of October, 2007, at San Francisco, California.

_____
John C. Ferry

E:\27212\P07.wpd

-2-

DECLARATION RE MOTION TO DISMISS
Case No. C07-04789

# EXHIBIT "A"

Case 5:07-cv-04789-JF   Document 8   Filed 10/10/2007   Page 3 of 8

NORTHERN CALIFORNIA

TELEPHONE (415) 951-0535
FACSIMILE (415) 391-7808
WWW.KELHER.COM

JOHN C. FERRY

**KELLY, HERLIHY & KLEIN LLP**
ATTORNEYS AT LAW
44 MONTGOMERY STREET
SUITE 2500
SAN FRANCISCO, CALIFORNIA 94104-4602

SOUTHERN CALIFORNIA

11500 OLYMPIC BLVD., SUITE 400
LOS ANGELES, CA 90064-1528
TELEPHONE (310) 312-4535
FACSIMILE (310) 312-4551

September 21, 2007

*Via Facsimile and U.S. Mail*

Joseph A. Scanlan, Jr, Esq.
Miller, Morton, Caillat & Nevis, LLP
25 Metro Drive
7th Floor
San Jose, CA 95110

    Re:    *Christensen v. Provident Life & Accident Ins. Co.*
             Our File No. 27212

Dear Mr. Scanlan:

      This letter is intended to comply with the requirements of the Federal Rules of Civil Procedure and the local rules of the United States District Court for the Northern District of California that counsel meet and confer prior to bringing a pleadings challenge. For the reasons set forth below, we believe that a motion to dismiss the Third Cause of Action of the complaint in the referenced action would be granted and for that reason request that you amend your complaint to delete it.

      The Third Cause of Cause [Unfair Business Practice] alleges a violation of California B&P Code Sections 17200, *et seq*. However, the California courts have expressly found that this cause of action cannot be pled in an insurance bad faith lawsuit. We direct your attention to *Textron Financial Corporation v. National Union Fire Insurance Co.* (2004) 118 Cal. App. 4th 1061 (and its progeny) which categorically states this proposition. The relevant portion of the decision found that *Moradi-Shalal v. Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287:

> " held the Unfair Insurance Practices Act (Ins. Code, § 790 et seq.) does not create a private cause of action against insurers who violate its provisions. (Citation omitted) This rule applies to both first party and third party claims. (Citations omitted) While insurance companies are subject to California laws generally applicable to other businesses, including laws governing unfair business practices (Citation omitted) parties cannot plead around *Moradi-Shalal*'s holding by merely relabeling their cause of action as one for unfair competition." (*Textron*, 118 Cal. App. 4th @ 1070-71; petition for review and depublication request denied, 2005 Cal. LEXIS 8715.)

**KELLY, HERLIHY & KLEIN LLP**

Joseph A. Scanlan, Jr, Esq.
*Christensen v. Provident*
September 21, 2007
Page 2

    *Moradi-Shalal* did not contemplate suits brought under California's unfair practices statutes against insurance companies. Numerous courts, in addition to *Textron*, have since held that unfair practices claims based on alleged violations of the unfair practices statutes are barred by *Moradi-Shalal*. For example, in *Safeco Ins. Co. v. Superior Court* (1990) 216 Cal. App. 3d 1491, 1494, the court found that it had "no difficulty in [holding] the Business and Professions Code provides no toehold for scaling the barriers of *Moradi-Shalal* ... To permit plaintiff to maintain this action would render *Moradi-Shalal* meaningless". In *Maler v. Superior Court* (1990) 220 Cal. App. 3d 1592, 598 the court found that plaintiffs "cannot circumvent that ban [against private actions under Ins. Code, § 790.03] by bootstrapping an alleged violation of section 790.03 onto Business and Professions Code section 17200". See also, *Fairbanks v. Superior Court* (August 22, 2007) 154 Cal. App. 4th 435, 447, fn9; *Permanent General Assurance Corp v. Superior Court* (2004) 122 Cal. App. 4th 1493, 1498.

    The Ninth Circuit also reached the same result in *Spirtos v. Allstate Ins. Co* (9th Cir. 2006) 173 Fed. Appx. 538, 540, 2006 U.S. App. LEXIS 5259.

    Accordingly, there is no question that the district court will dismiss the third cause of action based on the authorities cited above and we request that you omit this claim from your first amended complaint.

    As we discussed, based on the service of the complaint our responsive pleading will be due October 10th. In order to allow us sufficient time to prepare and timely file a 12(b)(6) motion we request that you confirm whether you will amend the complaint to delete the third cause of action by September 28, 2007.

                             Sincerely,

                             KELLY, HERLIHY & KLEIN LLP

                             By _____
                                 John C. Ferry

JCF/zk

cc:    Thomas M. Herlihy, Esq.

E:\27212\L03.wpd

# EXHIBIT "B"

EST. 1929
## MILLER MORTON CAILLAT & NEVIS, LLP
ATTORNEYS AT LAW

David L. Nevis
Frank J. Hughes
Peter A. Kline
Steven G. Adelman
Joseph A. Scanlan, Jr
Carolyn Tobiason Stuart
William K. Hurley
Peter V. Dessau
David I. Kornbluh
Katherine S. Pak
Christopher J. Hersey
Anthony F. Ventura
Amber S. Crothall
Daniel J. Nevis
Roger F. Liu
Maryam S. Karson
Wesley E. Meyer
Angela F. Storey
Autumn E. Casadonte

Harvey C. Miller
1906–1993
Richard W. Morton
1916–1975
Charles V. Caillat
1920–1990

September 27, 2007

**VIA FACSIMILE AND U.S. MAIL**   [(415) 391-7808]

John C. Ferry
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104

Re:   *Christensen v. Provident Accident & Life Insurance Company*
      Your File No.: 27212
      Our File No.: 006029-0701

Dear Mr. Ferry:

This acknowledges receipt of your letter dated September 21, 2007 concerning, generally, the propriety of an unfair business practices claim by an insured against his insurer under California Business & Professions Code section 17200. As you doubtless recall, for a number of years, California recognized "bad faith" claims against insurers by third parties to the insurance contract. The California Supreme Court, in *Moradi-Shalal v. Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287, found the entire notion of "third party bad faith rights" to be an aberration of California law and overturned the same.

In the years following *Moradi-Shalal*, plaintiffs' attorneys attempted to revive certain rights in third parties by pleading, alternately, violation of Insurance Code section 790 (an administrative and regulatory statute) or Business & Professions Code section 17200.

The courts in California uniformly rebuffed these efforts and prohibited third parties to insurance contracts from reviving third party bad faith by "bootstrapping" through those two statutes.

The California case which you cited, *Textron Financial Corporation v. National Union Fire Insurance Co.* (2004) 118 Cal.App.4th 1061, involved an attempt by a stranger to an insurance contract to claim unfair business practices when it did not receive insurance proceeds after a loss, based upon its security status in the insured collateral. This case is easily distinguished because the plaintiff, Textron, was not an insured.

25 Metro Drive · 7th Floor · San Jose, California · 95110 · TEL 408.292.1765 · FAX 408.436.8272 · www.millermorton.com
A LIMITED LIABILITY PARTNERSHIP

John C. Ferry
KELLY, HERLIHY & KLEIN LLP
September 27, 2007
Page 2

Likewise, the federal case which you cited, *Spirtos v. Allstate Ins. Co.* (9th Cir. 2006) 173 Fed. Appx. 538, in a text which runs approximately one page, stated, with regard to Business & Professions Code section 17200 only the following:

> "Appellants' claims under ... California Business & Professions Code section 17200 [are] likewise without merit."

While that holding is not particularly elucidating to the issue before the court, the fact that "Bergher Kahn and Mosley were not parties to the insurance contract..." does indicate the issue resolved.

Again, this federal case deals with strangers to the insurance contract attempting to impose Business & Professions Code section 17200 duties on an insurer.

In summary, we believe the cases which you cited are inapposite to the situation at-hand because they were brought by third parties.

To the contrary, California has widely recognized the rights of insureds to bring 17200 claims against their insurers. *Chabner v. United of Omaha Life Insurance Company* (2000 CA 9 Cal.) 225 F.3d 1042; *Kapsimallis v. Allstate Insurance Company* (2002, 2nd Dist.) 104 Cal.App.4[th] 667.

The Ninth Circuit is in accord, and specifically recognized an individual cause of action against his insurer under Business & Professions Code section 17200 in *Hangarter v. Paul Revere Life Insurance Company* (2002 N.D. Cal.) 236 F.Supp.2d 1069. *Hangarter v. Provident Life and Accident Ins. Co.* (2004 CA 9 Cal.) 373 F.3d 998.

I counted approximately a half dozen cases recognizing and upholding the right of an insured to bring a B&P Code section 17200 claim against a first party insurer.

I appreciate the collegial and academic nature of our discourse on this issue and would be happy to speak with you at greater length if you are unpersuaded by the authority cited above.

Very truly yours,

MILLER, MORTON, CAILLAT & NEVIS, LLP

By: _____
JOSEPH A. SCANLAN, JR.

JAS/wc                ::ODMA\GRPWISE\MMCN_SJDOMAIN.MMCN_SJPO.NewLitigationLibrary:28060.1