1   THOMAS M. HERLIHY (SBN 83615)
    JOHN C. FERRY (SBN 104411)
2   KELLY, HERLIHY, & KLEIN LLP
    44 Montgomery Street, Suite 2500
3   San Francisco, CA  94104
    Telephone:  (415) 951-0535
4   Facsimile:   (415) 391-7808

5   Attorneys for Defendant
    PROVIDENT LIFE AND ACCIDENT
6   INSURANCE COMPANY

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  ROBERT H. CHRISTENSEN              )    Case No. C 07 04789JF
                                       )
13              Plaintiff,             )    **DEFENDANT'S REPLY**
                                       )    **MEMORANDUM OF POINTS AND**
14       v.                            )    **AUTHORITIES IN SUPPORT OF**
                                       )    **MOTION TO DISMISS FOR**
15  PROVIDENT LIFE AND ACCIDENT        )    **FAILURE TO STATE A CLAIM**
    INSURANCE COMPANY,                 )    **UPON WHICH RELIEF CAN BE**
16                                     )    **GRANTED** (FRCP 12(b)(6)
                Defendant.             )
17  _____   )    Date:   December 20, 2007
                                            Time:   9:00 a.m.
18                                          Courtroom: 3

19                                          Honorable Jeremy Fogel

20

21

22

23

24

25

26

27

28

---

REPLY BRIEF RE MOTION TO DISMISS

Case No. C07-04789JF

# TABLE OF CONTENTS

Page(s):

I. PLAINTIFF'S ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

II. DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

    A.    All of Plaintiff's Allegations Derive From Section 790.03
         and the Implementing Regulations, Consequently, His First,
         Second, and Third Contentions Are Devoid of Merit . . . . . . . . . . . . . . . . . . . . . .  4

    B.    Plaintiff's Fourth Contention Is Not Supported by *Chabner* . . . . . . . . . . . . . . . . . .  6

    C.    *Stop Youth Addiction* Is Irrelevant to Plaintiff's Claims . . . . . . . . . . . . . . . . . . . . . .  7

    D.    Plaintiff's New Authority Provide No Support For His Final Contention . . . . . . . .  7

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

REPLY BRIEF RE MOTION TO DISMISS

Case No. C07-04789JF

1

**TABLE OF AUTHORITIES**

2
**Page(s):**

3

**Cases:**

4

5    *Chabner v. United of Omaha Life Insurance Company*
        225 F.3d 1042 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

6

7    *Crenshaw v. Money Life Ins. Co.*
        2004 U.S. Dist Lexus 9883 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

8    *Fairbanks v. Superior Court*
        154 Cal. App. 4th 435, fn9 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

9
     *Hangarter v. Paul Revere Life Ins.* Co.
10       236 F. Supp. 2d 1069 (N.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

11   *Hangarter v. Provident Life and Accident Ins. Co.*
        373 F.3d 998 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

12
     *Maler v. Superior Court*
13       220 Cal. App. 3d 1592 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

14   *Manufacturers Life Ins. Co. v. Superior Court*
        10 Cal.4th 257 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

15

16   *Moradi-Shalal v. Fireman's Fund Ins. Companies*
        46 Cal.3d 287 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-4

17   *Permanent General Assurance Corp v. Superior Court*
        122 Cal. App. 4th 1493 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18
     *Progressive West Ins. Co. v. Superior Court*
19       135 Cal. App. 4th 263 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

20   *R&B Auto Center, Inc. v. Farmers Group, Inc.*
        140 Cal. App. 4th 327 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

21
     *Safeco Ins. Co. v. Superior Court*
22       216 Cal. App. 3d 1491 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

23   *Spirtos v. Allstate Ins. Co.*
        173 Fed. Appx. 538, 2006 U.S. App. LEXIS 5259 (9th Cir. 2006) . . . . . . . . . . . . . 4

24

25

26

27

28                                         -ii-

1

**TABLE OF AUTHORITIES** *(Continued)*

2

<u>Page(s):</u>

3

*Stop Youth Addiction v. Lucky Stores, Inc.*
4     17 Cal. 4th 553 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7

5 *Textron Financial Corporation v. National Union Fire Insurance Co.*
    118 Cal. App. 4th 1061 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4
6

*Zephyr Park v. Superior Court*
7     213 Cal. App.3d 833 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8

9

10 **Statutes:**

11 California's Unfair Competition Law (Section 17200) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

12 Fair Claims Settlement Practices Regulations, 10 C.C.R. 7.5 § 2695.5(e)(3) . . . . . . . . . . . . . . . 5

13 Insurance Code Section 10144 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

14 Insurance Code section 790, 790.03 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5

15 Penal Code Section 550(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

16

17

18

19

20

21

22

23

24

25

26

27

28

-iii-

REPLY BRIEF RE MOTION TO DISMISS

Case No. C07-04789JF

1   Defendant Provident Life & Accident Insurance Company ("Defendant") respectfully

2   submits these reply points and authorities in support of its motion to dismiss the third cause of action

3   of Plaintiff's Complaint herein pursuant to FRCP 12(b)(6).

4

5                              **I. PLAINTIFF'S ARGUMENTS**

6   Plaintiff advances the following arguments[1] in opposition to Defendant's motion.

7   1.      Plaintiff first contends that he has stated a sufficient claim under California's Unfair

8   Competition Law ("UCL" or "Section 17200") based upon allegations of common law fraud,

9   misrepresentation, breach of contract, and bad faith. *See* Plaintiff's Opposition at 3-5.

10  2.      Plaintiff next contends that UCL claims for unlawful conduct predicated upon

11  common law causes of action for fraud, misrepresentation, breach of contract, and bad faith are not

12  barred by *Moradi-Shalal v. Fireman's Fund Ins. Companies,* 46 Cal.3d 287 (1988) and its progeny.

13  *(See* Plaintiff's Opposition at 3-5.)  In support of this assertion, plaintiff points out that *Moradi-*

14  *Shalal* itself does not mention or discuss claims under the UCL, but rather, only addresses claims

15  that are asserted under California's Unfair Insurance Practices Act ("UIPA" or "Section 790.03").

16  *(See id.* at 5-6.)  Plaintiff rationalizes from this observation that *Moradi-Shalal* does not apply to

17  instances when the predicate harm or violation involves something other than the UIPA, i.e.,

18  violations of common law causes of action or some other independent statute. *See id.* at 8.

19  3.      Following from his second argument above, Plaintiff contends that, because *Moradi-*

20  *Shalal* and subsequent cases cited in Defendant's motion to dismiss (*Maler v. Superior Court,* 220

21  Cal. App. 3d 1592, 1598 (1990) and *Safeco Ins. Co. v. Superior Court,* 216 Cal. App. 3d 1491, 1494

22  (1990)) only dealt with attempts by those plaintiffs to assert private causes of action under the UIPA,

23  these decisions do not preclude Plaintiff from asserting a UCL claim based upon a "bad faith" theory

24  "independent" of the UIPA. *See* Plaintiff's Opposition at 5-8.

25  _____

26  [1] Defendant objects to the unsupported Statement of Facts in Plaintiff's opposition papers (at 2-3)

27  and does not adopt them. Further, they are not relevant to the legal issue presented by this motion.

28                                          -1-

1      4.      Plaintiff further contends that any overlap between conduct violating common law

2   causes of action and the UIPA is not sufficient to trigger *Moradi-Shalal* because courts have held

3   that a Plaintiff can state a claim under the UCL even if the conduct overlaps or arguably triggers

4   provisions of the UIPA. *See* Opposition at 9-11.

5      5.      Plaintiff contends that the California Supreme Court's decision in *Stop Youth*

6   *Addiction v. Lucky Stores, Inc.*, 17 Cal. 4th 553 (1998) expressly limits *Safeco* and *Maler* by allowing

7   UCL claims to proceed even if they are based upon the violation of a statute that does not provide for

8   a private cause of action. *See* Opposition at 11-13.

9      6.      Finally, Plaintiff contends that California cases and several federal court decisions

10  have indirectly allowed UCL claims in bad faith actions. *See* Plaintiff's Opposition at 13-14.

11

12                          **II. DISCUSSION**

13      Preliminarily it must be noted that Plaintiff devotes an inordinate and unnecessary amount of

14  space arguing that *Moradi-Shalal* does not address the UCL, thus missing the point completely.

15  *Moradi-Shalal* is the seminal Supreme Court decision holding that there is no private right of action

16  under Insurance Code section 790: "Neither section 790.03 nor section 790.09 was intended to create

17  a private civil cause of action against an insurer that commits one of the various acts listed in section

18  790.03(h)." *Id.* at 304.  It is the subsequent chain of decisions, starting with *Zephyr Park v. Superior*

19  *Court,* 213 Cal. App.3d 833, 836-838 (1989), and continuing with *Safeco Ins. Co. v. Superior Court,*

20  216 Cal. App. 3d 1491, 1494 (1990), and *Maler v. Superior Court,* 220 Cal. App. 3d 1592, 1598

21  (1990) and *Manufacturers Life Ins. Co. v. Superior Court*, 10 Cal.4th 257 (1995), which led to the

22  current articulation of law in *Textron Financial Corporation v. National Union Fire Insurance Co.,*

23  118 Cal. App. 4th 1061 (2004). Because *Moradi-Shalal* did not contemplate suits brought under

24  California's unfair practices statutes against insurance companies, the *Textron* court held that:

25      "the Unfair Insurance Practices Act (Ins. Code, § 790 et seq.) does not create a private
        cause of action against insurers who violate its provisions. (Citation omitted) This
26      rule applies to both first party and third party claims. (Citations omitted)  While
        insurance companies are subject to California laws generally applicable to other
27

28                                      -2-

businesses, including laws governing unfair business practices (Citation omitted) parties cannot plead around *Moradi-Shalal*'s holding by merely relabeling their cause of action as one for unfair competition." (*Textron*, 118 Cal. App. 4th at 1070-71; petition for review and republication request denied, 2005 Cal. LEXIS 8715.)

*Textron* is the current state of the law, as followed in *Fairbanks v. Superior Court*, 154 Cal. App. 4th 435, 447, fn9 (August 22, 2007) and *Permanent General Assurance Corp v. Superior Court*, 122 Cal. App. 4th 1493, 1498 (2004), as well as the Ninth Circuit's decision in *Spirtos v. Allstate Ins. Co.*, 173 Fed. Appx. 538, 540, 2006 U.S. App. LEXIS 5259 (9th Cir. 2006).

Plaintiff's contentions noted above are discussed seriatim.

### A. All of Plaintiff's Allegations Derive From Section 790.03 and the Implementing Regulations, Consequently, His First, Second, and Third Contentions Are Devoid of Merit.

The Supreme Court in *Manufacturers Life Ins. Co. v. Superior Court*, 10 Cal.4th 257 (1995) held that a Plaintiff cannot use Section 17200 to plead a cause of action based on conduct allegedly in violation of Section 790.03(h); *accord Textron Financial Corp. v. National Union Fire Ins. Co.*, 118 Cal. App.4th 1061 (2004) (stating that parties cannot plead around *Moradi-Shalal's* holding by merely relabeling their cause of action as one for unfair competition). Yet, as pointed out in Defendant's motion to dismiss, that is exactly what Plaintiff is attempting to do. The fact that *Moradi-Shalal* did not specifically cite the UCL statute does not allow Plaintiff to plead around the UIPA by disguising and re-labeling his claims as common law causes of action. *See Textron, supra.* The allegations in Plaintiff's complaint reveals that his "common law" claims actually are purely derivative of the prohibitions enunciated under the UIPA. Plaintiff's purported "independent" causes of action are therefore barred by *Moradi-Shalal* and its progeny.

The courts which have addressed this issue have made it abundantly clear that one must look to the specific factual allegations that are pled, and not the labels affixed to them. With this in mind, it is patently obvious that Plaintiff is merely pleading the same 'bad faith' facts that were limited by *Moradi Shalal.*

Parsing Plaintiff's complaint reveals that all of the allegations advanced to support his UCL

-3-

1   claim are predicated on Insurance Code Section 790.03(h). Paragraph 18 of the Third Cause of

2   Action refers back to the "acts hereinabove allege[d]"; this reference is to the supporting allegations

3   for the breach of contract and breach of covenant causes of action. Following is a reciting of those

4   allegations which purport to provide the basis for the UCL claim and the matching provision of

5   Section 790.03 and its implementing regulations.

6

7       •   "Failing and refusing to conduct a proper and thorough investigation of his claim."
            (Complaint, ¶ 9(a))

8
            *See Fair Claims Settlement Practices Regulations, 10 C.C.R. 7.5 § 2695.5(e)(3).*
9

10      •   "Failing and refusing to regularly and honestly communicate with Christensen
            concerning the status of the investigation of his claim." (Complaint, ¶ 9(b))

11
            *See Insurance Code Section 790.03(h)(2); 10 C.C.R. 7.5 § 2695.5(a-e)*
12

13      •   "Failing and refusing to pay benefits due to him whatsoever, although all policy
            conditions for benefits have been satisfied." (Complaint, ¶ 9(c))

14
            *See Section 790.03(h)(4)(5)*
15

16      •   "Failing and refusing to timely institute, conduct and complete an investigation."
            (Complaint, ¶ 13(a))

17
            *See 10 C.C.R. 7.5 § 2695.5(e)(3).*
18

19      •   "Purporting to gather information detrimental to or disqualifying of Plaintiff's claim,
            and failing and  refusing to provide that information to Plaintiff." (Complaint, ¶

20          13(b))

21          *See Section 790.03(h)(2)*

22      •   "Demanding documents and information from Christensen which Provident knew to
            be confidential, privileged and protected from its inquiry or scrutiny." (Complaint, ¶

23          13(c))

24          *See Section 790.03(h)(1)(11);· 10 C.C.R. 7.5 § 2695.11(c).*

25  ///
    ///
26  ///

27

28                                          -4-

1      •   "Requiring Plaintiff to engage accountants and other professionals to array and align
          financial data in a form demanded by Provident as punishment for Christensen's
2           refusal to provide privileged and confidential tax returns." (Complaint, ¶ 13(d))

3           *See Section 790.03(h)(11)(14)*

4

5      •   "Contending that funds received by Christensen after his disability constituted earned
          income, despite the knowledge that the same were not income but were the receipt of
          accounts receivable generated in months and years previous to his disability."
6           (Complaint, ¶ 13(e))

7           *See Section 790.03(h)(1)(11); 10 C.C.R. 7.5 § 2695.11(c).*

8

9      •   "Purporting to require Plaintiff to violate the attorney-client privilege in order to
          provide the nature of his regular duties." (Complaint, ¶ 13(f))

10           *See Section 790.03(h)(1)(11); 10 C.C.R. 7.5 § 2695.11(c).*

11

12      •   "Requiring Plaintiff to continue to pay periodic policy premiums to maintain the
          Policy in force, despite Plaintiff's total disability." (Complaint, ¶ 13(g))

13           See Section 790.03(h)(1)(11); 10 C.C.R. 7.5 § 2695.11(c).

14

15      •   "Willfully misrepresenting policy terms and conditions to its insured." (Complaint, ¶
          13(h))

16           See Section 790.03(a) and (h)(1);  10 C.C.R. 7.5 § 2695.4(a).

17      This demonstrates that Plaintiff's assertion that his UCL claim is based on common law is

18 fallacious.  Rather, it is derived exclusively from the UIPA and its regulations which do not support

19 a private right of action.

20      **B.**      **Plaintiff's Fourth Contention Is Not Supported by *Chabner*.**

21      Although the Ninth Circuit in the pre-*Textron* decision in  *Chabner v. United of Omaha Life*

22 *Insurance Company* 225 F.3d 1042 (9th Cir. 2000) determined that Plaintiff's UCL claim was

23 cognizable despite its overlap with conduct prohibited under the UIPA, the Court reached this

24 conclusion only because Plaintiff had properly asserted an "independent" claim based upon

25 Insurance Code Section 10144, not Section 790.03. (*See Chabner*, 225 F.3d at 1048.)  The gravamen

26 of Plaintiff's complaint in *Chabner* was for violation of the American with Disabilities Act.  Plaintiff

27 alleged that he was discriminated against because the policy offered to him had an overcharged

28                              -5-

1  mortality risk because of his disability. *Id*. at 1044. Thus, this was not a claims case and therefore

2  did not fall within the limitations imposed by *Moradi-Shalal*. Indeed the Ninth Circuit allowed this

3  claim, but only because "setting a premium for a life insurance policy can quite 'properly be called a

4  business practice.'" *Id*. (Citations omitted) Thus, the *Chabner* Court did ***not*** hold that a plaintiff

5  may rely on common law causes of action to assert a cognizable claim under the UCL. *See*

6  Plaintiff's Opposition at 11. When stripped of its rhetoric, Plaintiff's "independent" common law

7  claims are merely a thinly disguised attempt to plead around the bar of *Moradi-Shalal*. Thus,

8  Plaintiff's contention must fail.

9    **C.    *Stop Youth Addiction* Is Irrelevant to Plaintiff's Claims**

10   The court's pre-*Textron* decision in *Stop Youth Addiction v. Lucky Stores, Inc.,* 17 Cal. 4th

11  553 (1998) does not support Plaintiff's fifth contention or the UCL claim. While that case does

12  appear to provide that UCL claims can be based upon statutory violations where the underlying

13  statute itself does not clearly provide for a private cause of action, this does not help advance

14  Plaintiff's position here because the case does not specifically hold that "private causes of action

15  under the UCL for violations of the UIPA" are cognizable, (*See* Plaintiff's Opposition at 13) and

16  specifically confirms that the UCL cannot be used to plead around *Moradi-Shalal*. (*See* Plaintiff's

17  Opposition at 8)

18

19   **D.    Plaintiff's New Authority Provide No Support For His Final Contention**

20   The strength of Plaintiff final contention is illustrated by their abbreviated nature. First, the

21  California cases cited by Plaintiff do not support his contention that courts have permitted UCL

22  claims in insurance bad faith actions.

23   In *Progressive West Ins. Co. v. Superior Court*, 135 Cal. App. 4th 263 (2005) the court

24  determined that plaintiff failed to allege an unlawful business practice based upon purported

25  violations of Penal Code Section 550(b)(3). *(Id. at* 287.) Moreover, the Court concluded that

26  plaintiff's attempt to assert a UCL claim based on the common law theories of "common-fund

27  doctrine" and the "covenant of good faith and fair dealing" failed because plaintiff separately failed

28                                    -6-

1   to state causes of action under either theory. *See id.* at 287-88.

2   In *R&B Auto Center, Inc. v. Farmers Group, Inc.*, 140 Cal. App. 4th 327 (2006), the appellate court

3   did conclude that the trial court had erroneously disposed of plaintiff's UCL claim, but it does not

4   appear that plaintiff was basing its UCL claim on a bad faith theory. *(See R&B Auto Center, Inc.,*

5   140 Cal.App.4th at 355-56.) Instead, it appears that plaintiff had asserted separate claims for breach

6   of contract, bad faith, and unfair competition. *(See id.* at 355.) Indeed, at an earlier part of the

7   opinion, the Court affirmed the trial court's dismissal of plaintiff's bad faith claim to the extent that

8   plaintiff attempted to characterize its claim as consisting of conduct falling under Section 790.03.

9   *See id.* at 353; *see also id.* at 368-370 (explaining that the trial court had properly dismissed

10  plaintiff's bad faith, breach of contract, and breach of fiduciary duty claims, but should have allowed

11  plaintiff an opportunity to provide evidence of improper claims handling to establish an unfair

12  competition claim).

13  Accordingly, Plaintiff's reliance on the *Progressive West* and *R&B Auto* cases is entirely misplaced

14  and should be rejected by the court.

15  Although Plaintiff refers to the district court and ninth circuit opinions in *Hangarter v. Paul Revere*

16  *Life Ins.* Co. 236 F. Supp. 2d 1069 (N.D. Cal. 2002) and *Hangarter v. Provident Life and Accident*

17  *Ins. Co.* 373 F.3d 998 (9th Cir. 2004) they cannot provide any support for his position. As noted in

18  Defendant's opening brief, while the district court opinion presents language favorable to Plaintiff

19  herein, that portion of the opinion which granted injunctive relief under Section 17200 was reversed

20  by the Ninth Circuit. In a footnote, the Ninth Circuit added: "We reach no conclusion as to whether

21  Hangarter's UCA claim is viable on the merits under California law." *Id*. at 1021-22.

22  Finally, Plaintiff's reliance on *Crenshaw v. Money Life Ins. Co.* 2004 U.S. Dist Lexus 9883 (2004)

23  for the proposition that it somehow displaced the Ninth Circuit's limitation on the scope of

24  *Hangarter* is entirely misplaced. *(See* Plaintiff's Opposition at 13-14.) To begin with, *Crenshaw* is

25  a district court case that clearly has no binding authority on the Ninth Circuit. Second, *Crenshaw* is

26  an ***unpublished*** decision with no precedential value whatsoever. Third, although there is some

27  language in *Crenshaw* that indicates that the court would allow a Plaintiff to assert a UCL claim

28

-7-

1    based on "common law fraud and bad faith," the court ultimately determined that plaintiff's common

2    law claims fail because Crenshaw did not meet his burden to offer evidence that Money's denial of

3    his claim in this particular contract dispute is part of any general business patter or practice that is

4    unlawful, fraudulent, or unfair. *See Crenshaw*, 2004 U.S. Dist. LEXIS 9883 at *67-70.

5    Moreover, the court in *Crenshaw* further concluded that "as the Court finds Crenshaw's bad faith

6    claim does not survive summary adjudication, and Money's reservation of rights is not actionable

7    conduct, necessarily an unfair competition claim is not supported by bad faith allegations which are

8    being dismissed." *See id.* at *69-70.

9    In sum, the questionable authorities provided by Plaintiff in support of his contention that his UCL

10   claim is viable are not applicable.  His contention therefore must fail.

11

12                                   **III. CONCLUSION**

13        For the reasons set forth herein, Defendant respectfully requests that the Court issue an order

14   dismissing Plaintiff's Third Cause of Action and all allegations which support it.

15

16                                   KELLY, HERLIHY, & KLEIN LLP

17

18   Dated: December 6,  2007          By _____
19                                          John C.  Ferry
20                                       Attorneys for Plaintiff
                                     PROVIDENT LIFE & ACCIDENT
                                         INSURANCE COMPANY
21

22

23   E:\27212\P09.wpd

24

25

26

27

28                                     -8-
     _____
                     REPLY BRIEF RE MOTION TO DISMISS
                                                      Case No. C07-04789JF