JOSEPH A. SCANLAN, JR., ESQ., SBN 101928
ERIC C. McALLISTER, ESQ. SBN 252567
MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, California 95110
Telephone: (408) 292-1765
Facsimile: (408) 436-8272
jas@millermorton.com
ecm@millermorton.com

Attorneys for Plaintiff ROBERT CHRISTENSEN

THOMAS M. HERLIHY, ESQ. (SBN 83615)
JOHN C. FERRY. ESQ. (SBN 104411)
KELLY, HERLIHY, & KLEIN, LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104
herlihy@kelher.com
jferry@kelher.com

Attorneys for Defendant PROVIDENT LIFE
AND ACCIDENT INSURANCE COMPANY

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| ROBERT CHRISTENSEN, | Case No.: C07 04789 JF |
| Plaintiff, | JOINT CASE MANAGEMENT STATEMENT |
| vs. | |
| PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY, a corporation, | Hearing Date: January 4, 2008<br>Time: 10:30 a.m.<br>Courtroom: 3<br>Judge: Hon. Jeremy Fogel |
| Defendants. | |

Pursuant to Civil Local Rule 16-9, the parties hereby submit their Joint Case Management Statement, as follows:

1. **Jurisdiction and Service:** *The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be*

1

*served, a proposed deadline for service.*

**Diversity is the basis for this Court's jurisdiction; there is no specific subject matter jurisdiction.**

2. **Facts**: *A brief chronology of the facts and a statement of the principal factual issues in dispute.*

**Plaintiff Christensen ("Plaintiff") filed a complaint for Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing; and Unfair Trade Practices against Defendant Provident Life and Accident Insurance Company ("Defendant"). Plaintiff purchased a policy of insurance (disability) from Defendant Provident. In or about August 2006, Plaintiff notified Defendant that he was totally disabled and no longer able to work. Plaintiff alleges that Defendant has breached the policy of insurance by, among other things, failing and refusing to pay benefits due to him under the terms of the policy though all the policy conditions for benefits have been met. The Defendant alleges that Plaintiff failed to provide sufficient information upon which to base a coverage decision and that it was required to file a declaratory relief action. (See Item 10 below)**

3. **Legal Issues**: *A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

**Defendant has a Motion to Dismiss Plaintiff's Third Cause of Action Pursuant to Fed. R. Civ. P. 12(b)(6) pending before the Court. The Motion asserts that a cause of action for violations of the California Business and Professions Code section 17200 cannot lie against an insurance company in a claims dispute. Defendant cites the California Supreme Court's decision *Moradi-Shalal v. Fireman's Fund Insurance Company* 46 Cal.3d 278 (1988), as well as the lower court decisions in *Mahler v. Superior Court,* 220 Cal. App. 3d 1592 (1990) and *Textron Financial Corp. v. National Union Fire Ins. Co.,* 118 Cal. App. 4th 1061 (2004) in support of its contentions. Plaintiff maintains that the *Moradi-Shalal* decision never addressed the California Business and Professions Code section 17200 and the lower court decisions cited by Defendant have been expressly limited by the California Supreme Court's decision in *Stop Youth Addiction v. Lucky Stores, Inc.* 17 Cal. 4th 553, 562 (1998). The motion**

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

2

has been fully briefed and the parties respectfully direct the Court to their briefs for more detailed arguments.

4. **Motions**: *All prior and pending motions, their current status, and any anticipated motions.*

**Defendant's Motion to Dismiss, referenced above, is scheduled to be heard on January 4, 2008. There are no other motions spending or anticipated at this time.**

5. **Amendment of Pleadings**: *The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

**No amendments to pleadings are currently anticipated.**

6. **Evidence Preservation:** *Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.*

**Plaintiff's evidence is in paper format, is in the possession of counsel, and copies have been or will be provided to counsel for Defendant as part of the parties' initial disclosures. Defendant's claim files are maintained electronically and will be preserved pending this litigation. A hard copy print out will be provided to counsel for Plaintiff as part of the parties' initial disclosures .**

7. **Disclosures**: *Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

**The parties will mutually exchange their initial disclosures on January 4, 2007.**

8. **Discovery**: *Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).*

**No discovery has commenced to date. The parties do not presently foresee a need to deviate from Fed. R. Civ. P. 26(f). Please see Item 17 below for the parties' proposed schedule.**

9. **Class Actions:** *If a class action, a proposal for how and when the class will be certified.*
**Not applicable.**

10. **Related Cases:** *Any related cases or proceedings pending before another judge of this*

*court, or before another court or administrative body.*

*On August 24, 2007, Defendant filed a declaratory relief action encaptioned* **Provident Life and Accident Insurance Company v. Christensen**, *San Mateo Superior Court Case No. CIV 465559.  Plaintiff objected to the San Mateo forum and on September 19, 2007 Defendant re-filed in Santa Clara County Superior Court, Case No. 107CV 094630.*

*Upon this Court's determination of Defendant's motion to dismiss, Defendant will cross-complain herein and dismiss the pending state court actions.*

11.  **Relief**: *All relief sought through complaint or counterclaim, including the amount of any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

**Plaintiff:**

**ON THE FIRST CAUSE OF ACTION:**

**1.** For compensatory damages in a sum according to proof;

**2.** For attorneys' fees in a sum according to proof;

**ON THE SECOND CAUSE OF ACTION:**

**3.** For compensatory damages in a sum according to proof;

**4.** For attorneys' fees in a sum according to proof;

**5.** For punitive damages as appropriate, based on Defendant's conduct and wealth;

**ON THE THIRD CAUSE OF ACTION:**

**6.** For compensatory damages in a sum according to proof;

**7.** For attorneys' fees in a sum according to proof;

**8.** For a permanent injunction barring and restraining Defendant from engaging in unlawful, unfair or fraudulent business acts;

**ON ALL CAUSES OF ACTION:**

**9.** For interest at the rate provided by law; and

**10.** For such other and further relief as the Court deems just and proper.

**Defendant:**

That Plaintiff take nothing by way of his Complaint.

12.     **Settlement and ADR**:  *Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Plaintiff is **open to ADR, including mediation; Defendant believes that this matter is best suited for referral to the Court's ENE program.  The parties recommend that they be referred to the ADR program office for an ADR Phone Conference.**

13.     **Consent to Magistrate Judge For All Purposes**: *Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

**Defendant has declined to proceed before a magistrate judge.**

14.     **Other References**: *Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

**This case is not suitable for reference.**

15.     **Narrowing of Issues**: *Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

**It is premature to assess what issues can be narrowed until the pleadings have been resolved**.

16.     **Expedited Schedule**: *Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.*

**The parties do not believe this case can be handled on an expedited basis.**

17.     **Scheduling:** *Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

| | |
|---|---|
| **Last Day to Disclose Experts:** | **September 5, 2008** |
| **Last Day to Supplement Expert Disclosures:** | **September 22, 2008** |
| **Discovery Closes:** | **January 1, 2009** |
| **Last Day for Hearing on Dispositive Motions:** | **February 1, 2009** |
| **Pretrial Conference:** | **March 2009** |
| **Trial:** | **May 2009** |

18.     **Trial:** *Whether the case will be tried to a jury or to the court and the expected length of the trial.*

**Plaintiff demands a jury trial and anticipates the trial to last seven (7) to ten (10) days.**

19.     **Disclosure of Non-party Interested Entities or Persons**: *Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

**Plaintiff filed its Certificate of Interested Parties on December 27, 2007, and has no interested entities to disclose.**

**Defendant: Defendant Provident Life and Accident Insurance Company may have a pecuniary interest in the outcome of this case. This representation is made to enable the Court to evaluate possible disqualification or recusal.**

20.     *Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

**None at this time.**

Dated: December __28___, 2007        MILLER, MORTON, CAILLAT & NEVIS, LLP


                                      By: _/s/_____
                                          JOSEPH A. SCANLAN, JR.
                                          Attorneys for Plaintiff ROBERT CHRISTENSEN


Dated: December __28___, 2007        KELLEY, HERLIHY, & KLEIN


                                      By: _/s/_____
                                          JOHN C. FERRY
                                          Attorneys for Defendants PROVIDENT LIFE AND
                                          ACCIDENT INSURANCE COMPANY

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

1  Pursuant to General Order 45, section X.B., I, the undersigned, hereby attest that I have on
2  file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within
3  this e-filed document.

5  Dated:  December 27, 2007         /s/
                                     JOSEPH A. SCANLAN, JR.

8  ::ODMA\GRPWISE\MMCN_SJDOMAIN.MMCN_SJPO.NewLitigationLibrary:31028.1

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA  95110
Telephone: (408) 292-1765