**E-Filed 2/12/2008**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ROBERT H. CHRISTENSEN,<br><br>            Plaintiff,<br><br>    v.<br><br>PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY,<br><br>            Defendant. | Case Number C07 04789<br><br>ORDER[1] GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>[re: docket no. 10] |

## I. BACKGROUND

Plaintiff, Robert Christensen ("Christensen") purchased an insurance policy ("the policy") from Defendant, Provident Life & Accident & Insurance Company ("Provident") in April 1989. The policy provided for disability income benefits in the event that Christensen became partially or totally disabled from performing the material duties of his occupation as an attorney. On September 18, 2007, Christensen filed a complaint in this Court alleging that in August 2006, he notified Provident that he was under the care of a physician, that he was unable to perform all of

---

[1] This disposition is not designated for publication and may not be cited.

the material duties of his occupation and speciality, that his doctor concurred that he was disabled, and that in fact he no longer was able to work.

The complaint contains claims for breach of contract, "breach of insurance bad faith" and unfair business practices. Christensen asserts that Provident breached the policy by failing and refusing to: (1) conduct a proper and thorough investigation of his claim; (2) regularly and honestly communicate with him concerning the status of the investigation of his claim; and (3) pay benefits. He further asserts that Provident breached the implied covenant of good faith and fair dealing inherent in every insurance contract by: (1) failing and refusing to timely institute conduct and complete an investigation; (2) purporting to gather information detrimental or disqualifying of his claim and failing and refusing to provide him with that information; (3) demanding documents and information from him which Provident knew to be confidential, privileged and protected; (4) requiring that Christensen engage accountants and other professionals to array and align financial data in a form demanded by Provident as punishment for Christian's refusal to provide privileged and confidential tax returns; (5) contending that funds received by Christensen after his disability constituted earned income, despite knowledge that it was not; (6) purporting to require that Christensen violate the attorney-client privilege in order to prove the nature of his regular employment duties; (7) requiring continued payment of periodic policy despite Christensen's total disability; and (8) willfully misrepresenting policy terms and conditions. Christensen's claim for unfair business practices is brought pursuant to California Business & Professions Code § 1700, *et seq.*, ("the UCL") and it incorporates all of the aforementioned allegations.

Provident moves to dismiss Christensen's unfair business practices claim pursuant to Rule 12(b)(6). Christensen opposes the motion. This Court heard oral argument on January 4, 2007. For the reasons set forth below, the motion will be granted.

## II. LEGAL STANDARD

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Leave to amend must be granted unless it is clear that the

complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

### III. DISCUSSION

Provident contends that Christensen's unfair business practices claim should be dismissed because "a [private] cause of action under [the UCL] cannot be pled in an insurance bad faith lawsuit." Motion to Dismiss at 3. Christensen argues that this is an overstatement: courts have not held that there is no private right of action for all alleged behavior within the broad category of "insurance bad faith," instead, courts have held more narrowly that the UCL does not provide a private right of action for claims premised on violations of California Insurance Code § 790 *et. seq.*, ("the UPIA"). Based on this reading of the cases, Christensen argues that he is not precluded from relief under the UCL, because while his claims may overlap with those actionable under the UPIA, they are not *expressly* premised on this provision.

California courts have held that because the UPIA does not provide a private right of action it may not serve as the basis for a UCL claim. This analysis begins with *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287 (Cal. 1998), which held that there was no private right of action under § 790. *Id.* at 304 ("Neither section 790.03 nor section 790.09 was intended to create a private civil cause of action against an insurer that commits one of the various acts listed in section 790.03(h)."). *Texatron Fin. Corp. v. Nat'l Union Fire Ins.*, applied *Moradi-Shalal* and held that a UPIA claim is not actionable under the UCL. The court explained:

> While insurance companies are subject to California laws generally applicable to other businesses including laws governing unfair business practices . . . parties cannot plead around *Moradi-Shalal*'s holding by merely relabeling their cause of action as one for unfair competition.
> . . .
> [W]e have no difficulty in deciding the Business and Professions Code provides no toehold for calling the barrier of *Moradi-Shalal*. To permit plaintiff to maintain this action would render *Moradi-Shalal* meaningless. . . . [M]erely alleging these purported acts constitute unfair business practices under the unfair competition law is insufficient to overcome *Moradi-Shalal*.

*Id*. at 593-94 (internal citations and quotations omitted). *Texatron*'s holding is not limited to claims premised on allegations *expressly* pled under the UIPA. Indeed, the plaintiff in *Texatron*

3

1  did *not* expressly state a claim pursuant to the UCL but instead asserted a claim premised on "the
2  type of activities covered in the UIPA." *Id*. at 594.  The Ninth Circuit followed *Texatron* in
3  *Thelma v. Spirtos*, 173 Fed. Appx. 538 (9th Cir. 2006).  Thus, under *Texatron* and *Thelma*
4  Christensen does not have a private right of action to pursue his UCL claim despite the fact that
5  his complaint does not expressly state a claim pursuant to the UIPA.

6  Christensen further argues that his claim should not be dismissed because courts have
7  held that the UCL provides a private right of action for claims premised on statutes which do not
8  provide such a right.  Christensen relies primarily on *Chabner v. United of Omaha Life Ins. Co.*,
9  225 F.3d 1042 (9th Cir. 2000).  *Chabner* involved a UCL claim premised on an allegation that
10 the defendant set a discriminatory premium in violation of California Insurance Code § 10144.
11 The court allowed the UCL claim, explaining "[i]t does not matter whether the underlying statute
12 also provides for a private cause of action; section 17200  can form the basis for a private cause
13 of action even if the predicate statute does not." *Id*. at 1048.  However, the *Chabner* Court noted
14 that "it is unclear whether this insurance code section provides [the plaintiff] with a private right
15 of action," *Id*. at 1048,  and reasoned that "even assuming that *Moradi-Shalal* . . . prevent[s]
16 causes of action based on section 790.03(f), it does not necessarily follow that they also prevent
17 causes of action based on section 10144." *Id*. at 1049.  Thus, the Court's decision was particular
18 to § 10144 and specifically distinguished § 790.03.  Moreover, *Chabner* was decided prior to
19 *Textron*, accordingly, even if it had implied a UCL private right of action for behavior actionable
20 under § 790.03, that holding would be in consistent with *Texatron*.[2]  For these reasons *Chabner*
21 is not controlling in the instant case.

22 Because there is no private right of action under the UCL for claims actionable under the
23 UIPA Christensen's UCL claim will be dismissed.

24

---

25  [2] Christensen also relies on *Kapsimallis v. Allstate Ins. Co.*, 104 Cal. App. 4th 667
26  (2002) and *Hangarter v. Paul Revere Life Ins. Co.*, 236 F. Supp. 2d 1069 (N.D. Cal. 2002).
    These cases were decided prior to *Texatron* are not persuasive.  Moreover, *Hangarter* was
27  appealed to the Ninth Circuit, and the injunctive relief granted by the district court pursuant to §
    17200 was reversed.  In a footnote, the Ninth Circuit explained that it did not reach a legal
28  conclusion with respect to the UCL claim.  *Id*. at 1021-22 n.17.

### IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss is GRANTED.  Defendant shall file an answer with respect to Christensen's remaining claims within twenty (20) days of the date of this order.

DATED: February 12, 2008.

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2  Joseph Aloyslius Scanlan, Jr.   jas@millermorton.com

3  John C. Ferry   jferry@kelher.com

6

Case No. C 07-4789
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
(JFLC1)