THOMAS M. HERLIHY (SBN 83615)
JOHN C. FERRY (SBN 104411)
KELLY, HERLIHY, & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA  94104
Telephone:  (415) 951-0535
Facsimile:    (415) 391-7808

Attorneys for Defendant
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ROBERT H. CHRISTENSEN, <br><br> Plaintiff, <br><br> v. <br><br> PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, <br><br> Defendant. | Case No. C 07 04789 <br><br> **DEFENDANT'S ANSWER TO COMPLAINT** |

Comes now Defendant Provident Life and Accident Insurance Company ("Defendant") and answers the complaint ("complaint") filed by plaintiff Robert Christensen ("plaintiff") in this action as follows:

## GENERAL ALLEGATIONS

1. Answering the allegations of paragraph 1 of the complaint, Defendant admits the allegations in said paragraph.

2. Answering the allegations of paragraph 2 of the complaint, Defendant admits the allegations in said paragraph.

3. Answering the allegations of paragraph 3 of the complaint, Defendant admits the allegations in said paragraph.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

4. Answering the allegations of paragraph 4 of the complaint, Defendant admits that it issued an insurance policy to plaintiff but that the terms and conditions of the policy speak for themselves.

5. Answering the allegations of paragraph 5 of the complaint, Defendant denies the allegations in said paragraph.

## FIRST CAUSE OF ACTION

6. Answering the allegations of paragraph 6 of the complaint, Defendant reincorporates and realleges its responses to paragraphs 1-5 inclusive as though fully set forth herein.

7. Answering the allegations of paragraph 7 of the complaint, Defendant admits that plaintiff submitted a claim under the policy but denies that plaintiff was disabled within the meaning of the policy.

8. Answering the allegations of paragraph 8 of the complaint, Defendant denies the allegations in said paragraph.

9. Answering the allegations of paragraph 9 of the complaint, Defendant denies the allegations in said paragraph.

10. Answering the allegations of paragraph 10 of the complaint, Defendant denies the

allegations in said paragraph.

## SECOND CAUSE OF ACTION

11. Answering the allegations of paragraph 11 of the complaint, Defendant reincorporates and realleges its responses to paragraphs 1-10 inclusive as though fully set forth herein.

12. Answering the allegations of paragraph 12 of the complaint, Defendant admits the allegations in said paragraph.

13. Answering the allegations of paragraph 13 of the complaint, Defendant denies the allegations in said paragraph.

14. Answering the allegations of paragraph 14 of the complaint, Defendant denies the allegations in said paragraph.

15. Answering the allegations of paragraph 15 of the complaint, Defendant denies the allegations in said paragraph.

## THIRD CAUSE OF ACTION

16. The Court has dismissed the Third Cause of Action of this complaint, and hence, there are no remaining allegations to respond to.

## AFFIRMATIVE DEFENSES

1. As a first affirmative defense, Defendant alleges that neither the Complaint, nor any claim for relief therein, states facts sufficient to state a cause of action against Defendant.

2. As a second affirmative defense, Defendant alleges that Plaintiff is not entitled to any compensation from Defendant.

3. As a third affirmative defense, Defendant alleges that Plaintiff does not have standing to bring this Complaint, or any cause of action contained therein against Defendant.

4. As a fourth affirmative defense, Defendant alleges, on information and belief, that any damages sustained by Plaintiff by reason of the events alleged in the Complaint were proximately caused or contributed to by Plaintiff's own negligence.

5. As a fifth affirmative defense, Defendant alleges, on information and belief, that by Plaintiff's own contributory fault, Plaintiff has waived and relinquished, or is estopped to assert,

1  every cause of action asserted in the Complaint.

2      6.    As a sixth affirmative defense, Defendant alleges that on information and belief, Plaintiff's alleged damages and/or policy benefits, to be determined by the court, are subject to reduction and/or elimination pursuant to offset and/or policy limitations.

    7.    As a seventh affirmative defense, Defendant alleges that Plaintiff has failed to satisfy all conditions precedent to receipt of benefits under the policy.

    8.    As an eighth affirmative defense, Defendant denies that Plaintiff has sustained any injury or damage, compensable or otherwise, by any act or omission by Defendant.  However, if it is established that Plaintiff has suffered any injury or damage for which Defendant is held liable, Defendant alleges that such injury or damage was proximately caused or contributed to by the intervening negligence, comparative bad faith, or other wrongful acts of Plaintiff, or his agents or attorneys, and that those negligent and/or wrongful acts by Plaintiff, his agents or attorneys, eliminate and/or reduce any damages Plaintiff can recover from Defendant in this action.

    9.    As a ninth affirmative defense, Defendant alleges that any and all losses or damages sustained by Plaintiff as a result of the occurrences alleged in the Complaint, were proximately caused in whole or in part by the negligence or fault of persons or entities other than Defendant, and for whom Defendant is not responsible.  The negligence and fault of other persons or entities eliminates or reduces any damages Plaintiff may recover from Defendant in this action.

    10.    As a tenth affirmative defense, Defendant alleges that Plaintiff failed to exercise reasonable care and diligence to mitigate his damages, if he has any.  As a consequence, Plaintiff's claim should be barred, or alternatively, any damages awarded to Plaintiff should be reduced in proportion to Plaintiff's fault in failing to mitigate his damages.

    11.    As an eleventh affirmative defense, Defendant alleges that Plaintiff's causes of action are barred by the principle of unjust enrichment.

    12.    As a twelfth affirmative defense, Defendant alleges that each and every act or statement done or made by Defendant, or by Defendant's agents or employees, with reference to Plaintiff, was privileged as a good faith assertion of Defendant's legal and contractual rights.

1  13. As a thirteenth affirmative defense, Defendant alleges on information and belief, that Plaintiff, as to be determined by the court, is barred and estopped by the equitable doctrine of unclean hands from seeking or obtaining any recovery by reason of his complaint.

14. As a fourteenth affirmative defense, Defendant alleges that its claim decision was correct and proper under the terms of the policy.

15. As a fifteenth affirmative defense, Defendant alleges that Plaintiff, by virtue of the legal doctrine of waiver and laches, is estopped from pursuing some or all of the causes of action alleged against Defendant.

16. As a sixteenth affirmative defense, Defendant alleges that Plaintiff's remedy for any alleged breach of contract is limited by Civil Code sections 3300 and/or 3302.

17. As a seventeenth affirmative defense, Defendant alleges that some or all of the claims for relief asserted by Plaintiff are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 337; 338(a), (d) and (h); 339(1) and (3); 340(a) and (b); and 343.

18. As an eighteenth affirmative defense, Defendant alleges that Plaintiff's damage claim, if any, is limited by the provisions of the California Insurance Code.

19. As a nineteenth affirmative defense, Defendant alleges that its actions in connection with the matters asserted in the Complaint constituted a privileged exercise of its legal and contractual rights.

20. As a twentieth affirmative defense, Defendant alleges that some or all of the claims alleged in the Complaint are barred by the parol evidence rule.

21. As a twenty-first affirmative defense, Defendant alleges that Plaintiff has failed to allege, and has no facts to prove, under the clear and convincing standard, the oppression, fraud or malice required for an award of punitive damages pursuant to California Civil code Section 3294.

22. As a twenty-second affirmative defense, Defendant alleges that an award of punitive damages and/or injunctive relief violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution

of the State of California.

23. As a twenty-third affirmative defense, Defendant alleges that any award of punitive damages violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

24. As a twenty-fourth affirmative defense, Defendant alleges that Plaintiff is not entitled to punitive damages, attorneys fees, or damages in the amount of benefits pursuant to any of the causes of action alleged in his complaint.

25. Defendant reserves the right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

WHEREFORE, Defendant prays for judgment in its favor as follows:

1. That Plaintiff take nothing by reason of his Complaint on file herein;
2. That Defendant be awarded its costs and expenses incurred in this action;
3. That Defendant be awarded its attorneys' fees incurred in this action; and
4. That Defendant recover such other and further relief as the Court may deem just and proper.

KELLY, HERLIHY, & KLEIN LLP

Dated: March 18, 2008            By _____/s/_____
                                       Thomas M. Herlihy
                                       Attorneys for Plaintiff
                                       PROVIDENT LIFE & ACCIDENT
                                       INSURANCE COMPANY

E:\27212\P11

-5-

DEFENDANT'S ANSWER TO COMPLAINT

Case No. C07-04789