A. SCANLAN, JR., ESQ., SBN 101928
MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, California 95110
Telephone: (408) 292-1765
Facsimile: (408) 436-8272
jas@millermorton.com

Attorney for Plaintiff ROBERT CHRISTENSEN

THOMAS M. HERLIHY, ESQ. (SBN 83615)
FRANCIS TORRENCE (SBN 154653)
KELLY, HERLIHY, & KLEIN, LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104
herlihy@kelher.com
ftorrence@kelher.com

Attorneys for Defendant PROVIDENT LIFE
AND ACCIDENT INSURANCE COMPANY

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| ROBERT CHRISTENSEN, | Case No.: C07 04789 JF |
| Plaintiff, vs. | SECOND JOINT CASE MANAGEMENT STATEMENT |
| PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY, a corporation, | Hearing Date: April 4, 2008<br>Time: 10:30 a.m.<br>Courtroom: 3 |
| Defendants. | Judge: Hon. Jeremy Fogel |
| And Related Cross-Complaint | |

Pursuant to Civil Local Rule 16-9, the parties hereby submit their Joint Case Management Statement, as follows:

1. **Jurisdiction and Service:** *The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

1

**Diversity is the basis for this court's jurisdiction; there is no specific subject matter jurisdiction.**

2.  **Facts**: *A brief chronology of the facts and a statement of the principal factual issues in dispute.*

**Plaintiff Christensen ("Plaintiff") filed a complaint for Breach of Contract; Tortious Breach of the Covenant of Good Faith and Fair Dealing; and Unfair Trade Practices against Defendant Provident Life and Accident Insurance Company ("Defendant"). Plaintiff purchased a policy of insurance (disability) from Defendant Provident. In or about August 2006, Plaintiff notified Defendant that he was totally disabled and no longer able to work. Plaintiff alleges that Defendant has breached the policy of insurance by, among other things, failing and refusing to pay benefits due to him under the terms of the policy though all the policy conditions for benefits have been met. The Defendant alleges that Plaintiff failed to provide sufficient information upon which to base a coverage decision and that it was required to file a declaratory relief action. (See Item 10 below)**

3.  **Legal Issues**: *A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

**The dispute between plaintiff and defendant is primarily, if not exclusively factual at this point in the litigation**

**As the case progresses, legal issues might arise as to plaintiff's claims for "bad faith," and various discovery issues discussed below.**

4.  **Motions**: *All prior and pending motions, their current status, and any anticipated motions.*

**Defendant's Motion to Dismiss has been decided. Defendant anticipates bringing motion for summary judgment if the facts learned in discovery warrant. The parties also anticipate that there might be discovery motions.**

5.  **Amendment of Pleadings**: *The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

\   **Defendant has recently filed its answer and a cross complaint for declaratory relief.**
*/ / /*

2

JOINT CASE MANAGEMENT STATEMENT FOR April 4, 2008, CMC        Christensen v. Provident
                                                               Case No. C07 04789

6.    **Evidence Preservation:** *Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.*

**Plaintiff's evidence is in paper format, is in the possession of counsel, and copies have been or will be provided to counsel for Defendant as part of the parties' initial disclosures.**

**Defendant's claim files are maintained electronically and will be preserved pending this litigation. A hard copy print out will be provided to counsel for Plaintiff as part of the parties' initial disclosures.**

**Defendant has requested plaintiff's counsel to review the status of plaintiff's electronic files as they relate to his law practice and might include calendaring, billing and email records. To the extent such electronic files exist, defendant contends that evidence is discoverable and must be preserved.**

7.    **Disclosures**: *Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

**The parties have exchanged their Rule 26 Initial Disclosures. Based upon informal discussions with plaintiff's counsel,**

8.    **Discovery**:    *Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).*

**Defendant anticipates that there will be discovery disputes about what materials will need to be produced relating to plaintiff's law practice. Among other categories, Defendant will seek formally information regarding plaintiff's work schedule, billable hours, personal and office finances, case load and work appointments. Involved in some of these categories are related issues of attorney/client communications.**

**Additionally, the parties believe that it may be necessary to relax some of the limitations on depositions. For example, the list of witnesses identified in the Initial Disclosures shows that the witness list exceeds more than ten witnesses. Additionally, it is anticipated that this case will involve an extensive review of plaintiff's records, files, notes and**

3

JOINT CASE MANAGEMENT STATEMENT FOR April 4, 2008, CMC          Christensen v. Provident
                                                                 Case No. C07 04789

papers. Plaintiff seems to be the only person with information on such subjects and the only one who can interpret his own handwriting and records. In short, he is his own PMK for many subjects. As such, defendant anticipates that it will need more than a single day for plaintiff's deposition, but does not yet know how much additional time will be needed until further documents are produced.

Based upon initial conversations between counsel on this matter, it is hoped that we can work out these variations to the discovery limitations without court involvement.

9.  **Class Actions:** *If a class action, a proposal for how and when the class will be certified.*
    **Not applicable.**

10. **Related Cases:** *Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

    On August 24, 2007, Defendant filed a declaratory relief action captioned *Provident Life and Accident Insurance Company v. Christensen*, San Mateo Superior Court Case No. CIV 465559. Plaintiff objected to the San Mateo forum and on September 19, 2007 Defendant re-filed in Santa Clara County Superior Court, Case No. 107CV 094630.

    Defendant has now filed this complaint for declaratory relief in this court as a cross complaint.

11. **Relief**: *All relief sought through complaint or counterclaim, including the amount of any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

**Plaintiff:**

**ON THE FIRST CAUSE OF ACTION:**

1.  For compensatory damages in a sum according to proof;
2.  For attorneys' fees in a sum according to proof;

**ON THE SECOND CAUSE OF ACTION:**

3.  For compensatory damages in a sum according to proof;
4.  For attorneys' fees in a sum according to proof;
5.  For punitive damages as appropriate, based on Defendant's conduct and wealth;

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

**ON THE THIRD CAUSE OF ACTION:**

**6.      For compensatory damages in a sum according to proof;**

**7.      For attorneys' fees in a sum according to proof;**

**ON ALL CAUSES OF ACTION:**

**9.      For interest at the rate provided by law; and**

**10.     For such other and further relief as the Court deems just and proper.**

<u>Defendant:</u>

**1.      That Plaintiff take nothing by way of his Complaint;**

**2.      Cross-Complaint For Declaratory Relief**

12.     <u>Settlement and ADR</u>: *Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Parties will participate in mediation before a mediator appointed by this court on March 27, 2008.

13.     <u>Consent to Magistrate Judge For All Purposes</u>: *Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

**Defendant has declined to proceed before a magistrate judge.**

14.     <u>Other References</u>: *Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

**This case is not suitable for reference.**

15.     <u>Narrowing of Issues</u>: *Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

**As discovery in this case progresses, defendant reserves the right to request that its Declaratory Relief claim be tried separately as that is not a jury question.  (This might also have an impact on the schedule set forth in No. 17 below.)**

16.     <u>Expedited Schedule</u>: *Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.*

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

**The parties do not believe this case can be handled on an expedited basis.**

17. **Scheduling:** *Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

| | |
|---|---|
| Last Day to Disclose Experts: | November 14, 2008 |
| Last Day to Supplement Expert Disclosures: | December 22, 2008 |
| Discovery Closes: | March 2, 2009 |
| Last Day for Hearing on Dispositive Motions: | April 1, 2009 |
| Pretrial Conference: | May 2009 |
| Trial: | June 2009 |

18. **Trial:** *Whether the case will be tried to a jury or to the court and the expected length of the trial.*

**Plaintiff demands a jury trial and anticipates the trial to last seven (7) to ten (10) days.**

**Defendant anticipates that trial will likely take between 10 and 15 days, depending on the Court's trial schedule.**

19. **Disclosure of Non-party Interested Entities or Persons**: *Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

**Plaintiff: No interested entities to disclose.**

**Defendant: Defendant Provident Life and Accident Insurance Company may have a pecuniary interest in the outcome of this case. This representation is made to enable the Court to evaluate possible disqualification or recusal.**

/ / /

/ / /

/ / /

20. *Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

   **None at this time.**

Dated:  March 24, 2008                MILLER, MORTON, CAILLAT & NEVIS, LLP


                                      By:  _/s/_____
                                              JOSEPH A. SCANLAN, JR.
                                              Attorneys for Plaintiff ROBERT CHRISTENSEN


Dated:  March 24, 2008                KELLEY, HERLIHY, & KLEIN


                                      By:  _/s/_____
                                              FRANCIS TORRENCE
                                              Attorneys for Defendants PROVIDENT LIFE AND
                                              ACCIDENT INSURANCE COMPANY

   Pursuant to General Order 45, section X.B., I, the undersigned, hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document.


Dated:  March 24, 2008                /s/_____
                                              JOSEPH A. SCANLAN, JR.


::ODMA\GRPWISE\MMCN_SJDOMAIN.MMCN_SJPO.NewLitigationLibrary:31028.1

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA  95110
Telephone: (408) 292-1765

7

JOINT CASE MANAGEMENT STATEMENT FOR April 4, 2008, CMC                Christensen v. Provident
                                                                      Case No. C07 04789