**\*\* E-Filed 06/09/09 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT H. CHRISTENSEN, | No. C07-04789 JF (HRL) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY** |
| v. | |
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, | **[Re: Docket Nos. 32, 42, 53]** |
| Defendant. | |
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, | |
| Counterclaimant, | |
| v. | |
| ROBERT H. CHRISTENSEN, | |
| Counterdefendant. | |

Plaintiff Robert Christensen closed his solo family law litigation practice after he was diagnosed with severe depression. He filed a disability insurance claim with defendant Provident Life and Accident Insurance Company ("Provident"). After Provident did not pay disability benefits, plaintiff sued for breach of contract, breach of implied covenant of good faith and fair dealing, and punitive damages.

Provident now moves to compel plaintiff to produce (1) additional witnesses for

deposition, (2) further responses to interrogatories, and (3) further document production. Plaintiff opposes the motions. Upon consideration of the papers filed by the parties, as well as the arguments presented at the May 26, 2009 motion hearing, this court grants Provident's motion in part and denies it in part.

**DISCUSSION**

**A.    Provident's Motion to Compel Depositions**

**1.    Plaintiff Robert Christensen**

Provident requests that plaintiff submit to an additional day of deposition. Provident already deposed plaintiff for seven hours, but was unable to complete its questions pertaining to plaintiff's heavily redacted desk calendars. Plaintiff objects on the grounds that Provident used its time during the first deposition to question him about irrelevant issues such as plaintiff's real property. However, Provident asserts it did not waste time because its questions were relevant to establishing a potential defense.

Absent a court order, the federal rules limit depositions to one day of seven hours. Fed. R. Civ. P. 30(d)(1). A court must allow more than seven hours "if needed to fairly examine the deponent." *Id.* As the primary witness in his disability suit, plaintiff's testimony about his claim file is relevant. Given Provident's assertion that plaintiff's desk calendars are heavily redacted, it is appropriate to grant Provident additional time to examine plaintiff. Provident's motion for this request is GRANTED; however, plaintiff's additional deposition time is limited to four hours.

**2.    Attorney Joseph Scanlan**

Provident also moves to compel the deposition of plaintiff's attorney, Joseph Scanlan. Provident argues that his deposition is necessary because Mr. Scanlan communicated with Provident about plaintiff's insurance claim prior to plaintiff filing suit. It further asserts that Mr. Scanlan discussed plaintiff's claim with plaintiff's treating physician and accountant, and that it should be able to query Mr. Scanlan himself about these discussions. Plaintiff objects that deposing Mr. Scanlan is inappropriate because he is plaintiff's trial attorney in this matter.

2

A court should not order the deposition of opposing counsel unless the requesting party shows that such examination is the only method to obtain information that is relevant, non-privileged, and crucial to the party's case. *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). Provident has not made a compelling enough argument to convince this court that the information it seeks requires the extraordinary act of deposing opposing counsel. Its motion for this request is DENIED.

### 3. Mrs. Christensen

Provident requests that plaintiff's wife, Mrs. Christensen, appear for a previously noticed deposition. Provident scheduled Mrs. Christensen's deposition for the week prior to the discovery cut-off date. It then changed the schedule to accommodate one of plaintiff's physicians and thus did not take her deposition. Plaintiff argues that the parties had no agreement to depose Mrs. Christensen after the cut-off date. However, it is undisputed that the parties did agree to allow other depositions to take place after the cut-off date. Furthermore, Mrs. Christensen could provide relevant information about her husband's mental condition and working duties. Provident's motion for this request is GRANTED; however, the deposition of Mrs. Christensen is limited to two hours and may be held on a weekend, as necessary, to accommodate her schedule.

### 4. Additional Percipient Witnesses

Provident moves to compel the depositions of plaintiff's former bookkeeper, Ms. Russo, and his former law secretary, Ms. Green. Provident learned the names of plaintiff's former employees during plaintiff's deposition. The parties disagree as to whether they had a prior agreement to depose witnesses so identified. Regardless, Provident did not notice these employees prior to discovery cut-off.

A party must get leave from the court to depose more than ten people. Fed. R. Civ. P. 30(a)(2). Provident has already noticed ten depositions (not including that of Mr. Scanlan). Yet, Ms. Green and Ms. Russo would have relevant knowledge about plaintiff's law practice for purposes of evaluating plaintiff's disability claim. In addition, plaintiff did not establish a sufficient reason why this court should not alter the ten-deposition limit under the

3

circumstances of this case. *See* Fed. R. Civ. P. 26(b)(2). Provident's motion for this request is GRANTED; however, the depositions of Ms. Green and Ms. Russo are limited to two hours each.

### 5. Uncompleted but Noticed Depositions

During the motion hearing, Provident indicated it had not finished the deposition of plaintiff's treating physician, Dr. Wermuth, nor taken three other noticed depositions: Valerie Tarvin, Richard Carlson, and the Hale Law Firm. Plaintiff objects that Provident already examined Dr. Wermuth for three hours as originally noticed, and that Provident should have completed the other three depositions prior to discovery cut-off. Provident asserts that Dr. Wermuth's deposition took longer than it anticipated due to the deponent's lengthy responses. It further notes that it removed the other three from the calendar because it could not complete them prior to the cut-off date.

When a party has already taken a person's deposition, it must receive leave from the court to conduct another deposition. Fed. R. Civ. P. 30(a)(2). Although Provident already deposed Dr. Wermuth for his noticed amount of time, this court accepts Provident's rationale for why it was unable to complete its examination. As plaintiff's treating physician, this court finds good cause to allow Provident to have additional time to examine him. Provident's request for additional time to examine Dr. Wermuth is GRANTED; however, Dr. Wermuth's additional deposition time is limited to two hours.

In regards to the other three uncompleted, noticed depositions, the court wishes to remind Provident that this court's local rules encourage parties to notice depositions well before the discovery cut-off date to avoid this situation. *See* Commentary, N.D. Cal. Civ. R. 26-2. However, because the trial date for this case has been postponed until September 2009, the court will allow Provident to take these depositions.[1] Provident's request to compel the depositions of Ms. Tarvin, Mr. Carlson, and the Hale Law Firm is GRANTED as originally noticed.

---

[1] The court will not preclude reasonable and appropriate discovery in this case. However, the record does make it appear that Provident waited until the last minute to notice its depositions, and unsurprisingly, it was unable to complete them prior to the discovery cut-off date. The court does not support such delaying tactics, but nevertheless prefers that the case be heard on its merits.

4

///

///

**B.** **Provident's Motion to Compel Interrogatories and Requests for Production**

Provident's motion to compel interrogatories and requests for production involve substantially similar arguments. The court will therefore address both types of discovery requests together, by category.

**1.** **Occupational Activities**

Provident moves to compel further responses to both interrogatories and requests for production pertaining to plaintiff's occupational activities. Provident claims that plaintiff's answers to the interrogatories were unresponsive, and that plaintiff inappropriately refused to produce documents. Provident asserts that these discovery requests are necessary for it to determine plaintiff's level of disability.

Provident propounded several interrogatories pertaining to plaintiff's duties in his solo law practice. Interrogatory No. 16 asked plaintiff to provide "in detail the substantial and material duties" of plaintiff's law practice. (Torrence Decl. Ex. E at 7.) Interrogatory Nos. 17 and 19 asked plaintiff to specifically identify duties he has been unable to perform since August 2006 and the documents that support his contention. (Torrence Decl. Ex. E at 9–10.) Interrogatory Nos. 21, 23, and 24 asked plaintiff to state the amount of time for each week since January 2004 that he billed to clients, that he spent making court appearances, and that he spent on "activities as a lawyer." (Torrence Decl. Ex. E at 10–11.) Plaintiff objects to these interrogatories on grounds that he provided a detailed narrative of his occupational activities, of which he is now unable to perform in total, and that the nature of family law practice precludes a further breakdown of tasks. He notes that he gave Provident copies of his billing records and that Provident could compile the data as it desired from those records.

Provident also made related requests for production.[1] Request No. 1 asked for "any and all documents reflecting [plaintiff's] daily schedule of professional activities." (Torrence Decl. Ex. F at 4.) Request No. 10 asked for all documents that provided the basis for plaintiff's state

---

[1] At the motion hearing, Provident withdrew its request to compel production for Request No. 3, which pertained to plaintiff's public work product.

5

and federal income tax returns since January 2003. (Torrence Decl. Ex. F at 7.) Request Nos. 23, 29, 30, and 31 asked for all documents since January 2002 in the following categories: correspondence the plaintiff wrote pertaining to his health, finances, activities, and occupation; invoices, receipts, check stubs, and tax wage documents; bank account statements; and credit card statements. (Torrence Decl. Ex. F at 11, 13–14.) Request No. 24 asked for all documents describing plaintiff's substantial and material occupational activities. (Torrence Decl. Ex. F at 11.) Plaintiff objects that these requests for production are overbroad, burdensome, and oppressive. He also asserts that these requests implicate attorney-client privilege and privacy concerns. Finally, he states he has already provided Provident with redacted copies of his personal desk calendar.

A court "must limit the frequency or extent of discovery" if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(2)(C). Provident's primary complaint with plaintiff's responses to these interrogatories appears to be that plaintiff did not fractionate his responses to Provident's satisfaction. However, the court finds that plaintiff's responses are sufficient given the nature of his former law practice. As for Provident's document requests, plaintiff asserted that he has already produced over 19,000 pages of documents in response. (Opp'n 10.) To the extent that the requests asked for records as far back as 2002, they are overbroad and unduly burdensome. The court is also not convinced that the burden of requiring plaintiff to generate a privilege log at this time would provide any particular benefit under the circumstances. Therefore, on the record presented, the court is unpersuaded that plaintiff must be compelled to produce additional occupational records at this time. Provident's motion for these requests is DENIED.

**2.      Claim File and Medical Records**

Interrogatory Nos. 3, 6, and 9, and Request Nos. 32, 33, 34, and 35 asked for the identification and production of the records that support plaintiff's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and punitive damages. (Torrence Decl. Ex. E at 4–6; Torrence Decl. Ex. F at 14–15.) Plaintiff responded that the entirety of the

6

1  claim file and all of his medical records supported its claims.  Provident protests that such a
2  "bulk designation" is an inappropriate response.  (Mot. 14:7–8.)
3  ///

4  Provident also requested documents concerning plaintiff's medical condition.  Request
5  No. 5 asked for all of plaintiff's medical records since January 2002.  (Torrence Decl. Ex. F at
6  5.)  Request No. 8 asked for all communications between plaintiff and any third party about his
7  medical condition or his health since January 2004.  (Torrence Decl. Ex. F at 6.)  Request Nos.
8  19–21 then asked for all documents supporting plaintiff's claim of total disability, all medical
9  records supporting that claim, and all medical records in plaintiff's custody or control.
10 (Torrence Decl. Ex. F at 10.)  Provident moves to compel on grounds that it does not know
11 whether plaintiff has complied in full with its requests, and again, that plaintiff should
12 specifically identify which documents respond to its requests.

13 In addition to limiting discovery that may be unduly oppressive or burdensome, a court
14 must also limit discovery that is "unreasonably cumulative or duplicative."  Fed R. Civ. P.
15 26(b)(2)(C).  Plaintiff avers he has already produced all relevant, non-privileged documents to
16 Provident about his medical condition and claim file.  As plaintiff asserts that the totality of his
17 claim file and medical records support his claims, Provident has not convinced the court that
18 plaintiff's responses to its interrogatories were insufficient.  The court is further unpursuaded on
19 the record presented that it must compel plaintiff to produce further documents relating to these
20 requests at this time.  Provident's motion for these requests is DENIED.

21 **3.     Damages and Attorneys' Fees**

22 Interrogatory Nos. 11, 12, and 14 asked plaintiff to specify the amount of compensatory
23 damages and attorneys' fees he seeks in this case.  (Torrence Decl. Ex. E at 6–7.)  Request Nos.
24 26, 27, and 28 asked for documentation supporting plaintiff's claim for attorneys' fees,
25 including fee arrangements and invoices.  (Torrence Decl. Ex. F at 12.)  Plaintiff provided
26 Provident with the dollar amount for the benefits available under his insurance contract and a
27 summary of attorneys' fees incurred to date.  Provident moves to compel plaintiff to further
28 provide an estimate for his emotional distress claim and total attorneys' fees.

7

1   The determination of an award for emotional distress damages, as part of the compensatory damages calculation, is a factual one for the jury. *See Cooper Indus. Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 432 (2001). It is also undisputed that attorneys' fees are available in this case. Such fees, however, will be determined at the conclusion of the case. Plaintiff's responses to these interrogatories and requests for production are thus sufficient for present purposes. Accordingly, Provident's motion for these requests is DENIED.

### 4.    Photos, Videos, and Travel Records

Request Nos. 22 and 25 asked for all photos, videos, and motion pictures depicting plaintiff since January 2003 and for all records relating to any travel over 100 miles since January 2004. (Torrence Decl. Ex. F at 11, 12.) Plaintiff argues that these requests are not relevant and are not reasonably calculated to result in admissible evidence of plaintiff's disability.

Plaintiff's alleged disability is severe depression. Provident has not satisfactorily explained to the court how photos, videos, and records of travel could result in admissible evidence of whether plaintiff was depressed to the point that he was unable to perform his occupational duties. The motion for these requests is DENIED.

### 5.    E-mail Records

Provident alleges that plaintiff did not produce any e-mails as part of his response to requests for production, even though plaintiff's accountant produced evidence that plaintiff had an e-mail account. At the hearing, Provident modified its request; it now asks to compel production of all e-mails to and from plaintiff's accountant, doctors, staff, and family members concerning plaintiff's occupational activities, health, and other insurance claims for the period of 2002 to 2007. Plaintiff objected that Provident's request was too broad.

Plaintiff's counsel confirmed at the hearing that plaintiff did have a personal e-mail account. He could not confirm, however, whether plaintiff had checked, or even had the ability to check, the account for relevant records. Accordingly, Provident's motion as to e-mail production is GRANTED; however, the request for production shall be limited to e-mails (1) to and from the plaintiff's doctor and accountant, (2) pertaining to the claim with Provident, (3) for

8

the years 2006 and 2007.  Plaintiff shall produce non-privileged, responsive documents, and provide a privilege log for those e-mails he withholds on privilege grounds, no later than **June 24, 2009.**

IT IS SO ORDERED.

Dated: June 9, 2009



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

9

**Notice will be electronically mailed to:**

| | |
|---|---|
| David Irwin Kornbluh | dkornbluh@millermorton.com |
| Joseph Aloyslius Scanlan, Jr. | jas@millermorton.com |
| John C. Ferry | john.ferry@wilsonelser.com |
| Christina Renee Van Wert | christina.vanwert@wilsonelser.com |
| Francis Jude Torrence | francis.torrence@wilsonelser.com |
| Thomas M. Herlihy | thomas.herlihy@wilsonelser.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.